UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAVE CREST FINANCIAL, LLC,

    Plaintiff/Counter-Defendant,

v.                                                  Case No.: 23-11173

TALENT MADE LLC, *et al.*,             Sean F. Cox
                                                      United States District Court Judge

    Defendants/Counter-Plaintiffs.
_____/

## OPINION & ORDER

The claims and counter-claims in this diversity action stem from a purchase agreement executed by the parties. The matter is currently before the Court on a motion seeking to dismiss all of the counterclaims asserted by the defendants/counter-plaintiffs and strike their jury demand. In response to the motion, the defendants/counter-plaintiffs agree that one of their counter-claims, and their jury demand, should be dismissed without prejudice. Thus, the Court need only consider the challenges to the remaining three counter-claims. The Court concludes that oral argument is not necessary. Local Rule 7.1(f). For the reasons set forth below, the Court shall GRANT the motion in part, to the extent that it shall dismiss the breach of contract and usury counter-claims and strike the jury demand filed by defendants/counter-plaintiffs. The motion is denied in all other respects.

## BACKGROUND

On May 17, 2023, Plaintiff Wave Crest Financial LLC ("Wave Crest") filed this action against Defendants Talent Made LLC ("Talent Made") and Michael Wakeling, based upon diversity jurisdiction. The action was originally assigned to the Honorable Denise Page Hood.

1

Wave Crest's Complaint alleges state-law claims that stem from a purchase agreement between Wave Crest and Talent Made: 1) "Breach of Contract (Purchase & Sale Agreement)" asserted against Talent Made (Count I); 2) "Breach of Contract (Guarantee)" asserted against Wakeling (Count II); "Fraudulent Inducement" asserted against both Talent Made and Wakeling (Count III); and 4) "Unjust Enrichment" asserted against both Talent Made and Wakeling (Count IV). Plaintiff Wave Crest LLC did not request a jury trial.

Along with their Answer, Talent Made and Wakeling filed a jury demand. (*See* ECF No. 6). On July 3, 2023, Talent Made and Wakeling filed a counter-complaint, asserting the following counterclaims against Wave Crest: 1) "Violation of the Michigan Usury Act – MCL 438.31" (Count I); "Breach of Contract" (Count II); 3) "Accounting" (Count III); and 4) "Quantum Meruit / Unjust Enrichment" (Count IV). (ECF No. 9).

On July 24, 2023, Wave Crest filed a Motion to Dismiss (ECF No. 11) wherein it asks the Court to: 1) dismiss all of Talent Made and Wakeling's counterclaims; and 2) strike their jury demand. Without having ruled on that motion, Judge Hood issued a Scheduling Order in this case on September 26, 2023.

Pursuant to Administrative Order 23-AO-059, on November 17, 2023, the case was reassigned to the undersigned judge.

**STANDARD OF DECISION**

Wave Crest's Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* When assessing the sufficiency of a plaintiff's claim, this Court must accept the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, so long as they are referred to in the complaint and are central to the claims therein. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, the Court may consider the "Purchase and Sale Agreement," that is attached to Wave Crest's Complaint as Exhibit A, and referenced in the Complaint and central to the claims therein, without converting the motion to one for summary judgment.

## ANALYSIS

Wave Crest's motion asks the Court to dismiss all four counterclaims, and to strike Talent Made and Wakeling's jury demand. In response to the motion, Talent Made and Wakeling state that they agree to dismissal of their Count III Accounting counterclaim, and to their jury demand, without prejudice. (*See* Resp. Br. at 1). As such, the Court need only analyze the challenges to the remaining three counterclaims.

**I.     Usury**

Wave Crest's motion asserts that "Count I of the Counterclaim purports to assert claims under" "Michigan's usury statute, however, the statute does not create a private right of action." (Pl.'s Br. at 1). In support of this challenge, Wave Crest asserts:

> Count I must be dismissed because it fails to state a cognizable cause of action. The Michigan Usury Act, M.C.L. § 438.31, dictates the legal interest rates for loan transactions. <u>This is not a loan transaction in the first place, in that Wave Crest purchased the Purchased Accounts from Talent Made. Independent of that point, the usury statute does not create a cause of action for the borrower on an allegedly usurious loan.</u> *Lincoln Nat'l Bank v. Kaufman*, 406 F. Supp. 448, 451 (E.D. Mich. 1976). Rather, the statute may be asserted only as a *defense* by the borrower in an action brought by the lender to prevent the lender from recovering interest. *Id.* (emphasis added).
>     Here, the Michigan Usury Act cannot function as a sword to seek damages from Wave Crest. Even if the court interpreted the Agreement as a loan transaction, Defendants would be limited to using the Act as a shield to prevent Wave Crest from recovering excess interest. In sum, Count I of Defendants' Counterclaim should be dismissed because the Michigan Usury Act does not provide a cause of action.

(*Id*. at 4-5) (italics in original; underlining for emphasis).

Seizing on Wave Crest's additional or alternative argument that the transaction at issue is not actually "a loan," Talent Made and Wakeling argue that it can and should be characterized as a loan. (Resp. Br. at 4-5). The Court need not address that side issue.

The central challenge to this counterclaim is that Talent Made and Wakeling cannot assert a usury claim (regardless of whether it's a claim by a plaintiff or a counterclaim by a defendant) because it can only be presented as a defense. As to that central challenge, Talent Made and Wakeling assert:

> Wave Crest claims that Defendants cannot bring a cause of action of usury against it because it may only claim usury "as a defense". While it may be true that Talent Made and Wakeling could not have been the "plaintiff" in a usury claim, that [sic] can certainly be a counter-plaintiff in a collection case against them based on a usurious contract. *This is consistent with the Usury Act and a plethora of cases in the Federal Courts, including this Court."* This claim

4

> ignores the fact that Plaintiff Wave Crest has filed a lawsuit against Defendants alleging it is entitled to collect on a usurious contract. This action against Talent Made and Wakeling is a triggering event that allows them to raise usury as a defense, but also as a counterclaim in order to obtain financial relief that is specifically provided by the Act, including attorney fees and costs. Defendants position that Defendants [sic] are not allowed to list usury as a counterclaim ignores the practical reality of the remedies provided to Defendants by the usury statute. Had Wave Crest not sued Defendants, it is unlikely that Defendants could bring an independent action against Wave Crest and attempt to recover damages for usury. But the fact is that Wave Crest did sue them, and is now subject to usury as a counterclaim.
>
> Regardless of the description of the usury counterclaim by Defendants, it is clear that Defendants have properly asserted the defense to the usurious contract in this matter and are entitled to the protections that defense provides, as well as the damage that [sic] are recoverable under the Usury Act.

(Resp. Br. at 5-6) (emphasis added). But they do not direct the Court to any cases that support their position that they can bring a usury counterclaim as opposed to asserting a usury defense.

It is undisputed that Talent Made and Wakeling can *assert usury as a defense in this action*. The question is whether they can assert a usury claim or counterclaim under Michigan's Usury Act.

Talent Made and Wakeling have not provided the Court with *any authority* to support their position that they can assert a usury counterclaim (as opposed to a defense) in this case.

Wave Crest has directed the Court to a district court case that supports its position that usury is a defense under Michigan law. *Lincoln Nat'l Bank v. Kaufman*, 406 F. Supp. 448, 451 (E.D. Mich. 1976). And this Court's own research supports that position as well. *See, eg., Michigan Mobile Homeowners Ass'n v. Bank of the Commonwealth*, 56 Mich.App. 206, 216 (1974) (describing usury "as a statutory defense which could only be used as a shield but not as a sword."); *Rutter v. Troy Mort. Svg. Co.*, 145 Mich.App. 116, 124 (1985) ("Usury is in the nature of a defense and, therefore, plaintiff cannot maintain an independent action based on the claim of

usury to recover the interest she paid on the loan."); *Thelen v. Ducharme*, 151 Mich.App. 441, 449 ( 1986) ("The basic rule in Michigan is that usury is a defense and that there is no right to repayment of usurious interest by means of an independent action."); *Moneyforlawsuits V LP v. Rowe,* 2012 WL 1068171 at *7 (E.D. Mich. 2012) (discussing Michigan usury law and stating "usury may be asserted only as a defense by the borrower in an action brought by the lender to enforce the debt . . .").

This Court therefore rules that, while Talent Made and Wakeling may assert usury as a defense in this action, they may not assert a usury claim or counterclaim. Thus, the Court will dismiss Count I of their Counter-Complaint.

## II. Breach of Contract

Count II of Talent Made and Wakeling's Counter-Complaint is titled "Breach of Contract." In this count, they allege that they "entered into a described factoring contract" with Wave Crest. (Counter-Complaint at ¶ 22). They allege that Wave Crest "failed to act as promised and failed to act in good faith in its dealings with" Talent Made and Wakeling. (*Id.* at ¶ 23). They allege that Wave Crest "also warranted that all work would be performed in a polite and professional manner and in compliance with all statutes, law, rules and regulations," and Wave Crest "failed to perform as promised." (*Id.* at ¶ 24). They allege the terms of the contract render it unconscionable. (*Id.* at ¶ 25). They also allege that Wave Crest's "conduct and business practices in this matter have constituted a breach of the contract and a breach of good faith and fair dealing implied in every contract in the State of Michigan." (*Id.* at ¶ 26).

In challenging this counter-claim, Wave Crest asserts that Talent Made and Wakeling have failed to state a breach of contract claim against it under Michigan law because Michigan

does not recognize a cause of action for a breach of the implied duty of good faith and fair dealing.

In response, Talent Made and Wakeling agree that Michigan does not recognize an independent cause of action for breach of the implied duty of good faith and fair dealing. (Resp. Br. at 8); *see also Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich.App. 11 (2006) ("Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing."). They argue that they have alleged more than that. They assert that they have alleged a breach of some express provisions of the contract. (*Id*. at 8-9).

In its reply brief, Wave Crest states that the "only allegation of Count II that may be interpreted as a breach of contract claim states, "Plaintiff/Counter-Defendant also warranted that all work would be performed in a polite and professional manner and in compliance with all statutes, laws, rules and regulation, and Plaintiff/Counter-Defendant failed to perform as promised." (Reply Br. at 2-3) (Directing the Court to ¶ 24 of Counter-Complaint). Wave Crest asserts that, to the extent Talent Made and Wakeling assert a breach of contract claim based on that allegation, it fails because *there is no such contractual provision in the contract.*

Talent Made and Wakeling have not directed the Court to any such provision in the contact at issue, wherein Wave Crest is required to so perform.[1] Absent such a provision in the contract, Talent Made and Wakeling have not alleged a viable breach of contract claim and the Court shall dismiss the breach of contract counter-claim.

## III. Quantum Meruit / Unjust Enrichment

---

[1] There is a provision that contains some of this language, but it pertains to duties owed by Talent Made, not Wave Crest. (*See* Purchase Agreement at 8).

7

In the pending motion, Wave Crest asserts that Talent Made and Wakeling's unjust enrichment counter-claim should be dismissed because a written contract exists.  (Wave Crest's Br. at 9) ( "Because the alleged contract exits, and governs the parties' contractual relationship, Defendants cannot maintain a claim for quantum meruit or unjust enrichment.").

In response, Talent Made and Wakeling states that it has pled this claim in the alternative to its breach of contract claim – and notes that Wave Crest did so too.  (Resp. Br. at 10).  They contend it is premature to dismiss its unjust enrichment claim at the pleadings stage and assert that is especially so given that some claims could "potentially render the contracts void in whole or in part."  (*Id*. at 11).

This Court finds that the unjust enrichment claim, pled in the alternative, should be permitted to proceed at this pleadings stage of the litigation.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff/Counter-Defendant's Motion to Dismiss is GRANTED IN PART, to the extent that the Court ORDERS that the breach of contract and usury counter-claims are DISMISSED and the jury demand filed by defendants/counter-plaintiffs is STRICKEN.  The motion is DENIED in all other respects.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  March 21, 2024